No. 1281.

## J. O. HALPHEN VS. U. A. GUILBEAU AND T. LÉZAIR BROUSSARD.

1. Under the provisions of Act No. 40 of 1880, the judge of an adjoining district, who is called to try a cause, in which the presiding judge is recused, acts *pro hac vice* and in *that court*, and during the time he is thus engaged in the performance of duty, the presiding judge is displaced.

2. The judge of an adjoining district thus appointed, has no authority to grant an order at chambers within his own judicial district, and in his capacity as judge of the latter, transferring the suit to an adjoining district. Such an act is a nullity.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Hudspeth*, J.

*O. H. Mouton, Jos. A. Breaux, Edward Simon* and *F. F. Perrodin* for Plaintiffs and Appellant:

1. Nine months having elapsed—since the case had been transferred—a transfer was absolutely necessary under the terms of the law.
2. Notice prior to transfer was not necessary. The law being mandatory had to be obeyed. It was thus obeyed in the case to which reference is made in the body of the brief. Court and suitors accepted the transfer in said case and not a word was said about the necessity or the most remote propriety of such a notice.
3. The order was granted at chambers in the case at bar. There was nothing illegal in that. Such an order can be granted at chambers under section 1936, R. S.
4. The judge to whom the case was transferred, had full authority in the premises until the nine months had elapsed; after that time. the court to whom transferred had full authority.
5. The dismissal of an exception, the reversal of the judgment of dismissal and the reinstatement of the case by the Supreme Court, is not a trial; the case has not been tried, and under Act 40 of 1880, it could be transferred.
6. The act of the judge in transferring a case "must not be interfered with, except in extreme cases of glaring wrong or of unbearable injustice." Fontelieu et al vs. Conrad DeBaillon, Judge, et al—decision rendered not reported.

*H. L. Garland, R. S. Perry* and *Felix Voorhies* for Defendants and Appellees:

A transfer under sec. 5 of Act No. 40 of 1880, is a change of venue and must be governed by R. S. 3901 *et seq*.

No transfer of a case can be made at chambers except in changes of venue, and contradictorily with all parties interested.

No default can be entered before the court to which a case is transferred, unless opposing parties be notified of the transfer.

An application to transfer, under Act No. 40 of 1880, addressed to the judge of the 25th District Court, the case pending before the Twenty-first District Court, is erroneously and improperly addressed, even though the judge of the Twenty-fifth District shall have been appointed, under recusation, to try the case. And an order of transfer signed under such an application by the judge of the Twenty-fifth District Court, and outside of the Twenty-first District, is null, and the whole proceeding is null.

Section 5 of Act No. 40 does not arbitrarily, on expiration of nine months, divest original court of jurisdiction when a case is progressing and in which many issues have been disposed of.

It does not require that the case shall have been finally tried within the nine months.

---

## ON MOTION TO DISMISS APPEAL.

The opinion of the Court was delivered by

WATKINS, J. T. L. Broussard, one of defendants and appellees, moves to dismiss the plaintiff's appeal, for the reason that, since the death of the defendant U. A. Guilbeau, the *contestee* for the office in controversy, his daughter, Anita Guilbeau, one of his heirs, has not been legally cited as appellee, by means of citation to the surviving widow of the said deceased, and as tutrix of the children of their marriage—as said Anita was united in marriage with Charles Delacroix on the 14th of January, 1886, antecedent to plaintiff's petition for appeal

on the 7th of May, 1876; and he charges this neglect to have been the plaintiff's fault.

The citation of this heir, in our opinion, was an unnecessary formality, because she was not a necessary party to the appeal.

The *gravamen* of the dispute is the election *vel non* of plaintiff, to the office of sheriff of the parish of St. Martin in 1884. The heirs of defendant certainly acquired, by their ancestor's death, no right to the office in controversy—whatever may be said with regard to the fees and emoluments thereof, an office is not a heritable right or property.

The defendant and appellee, T. L. Broussard, holds and claims the right to exercise the functions of sheriff, by virtue of an appointment of the Governor to fill a vacancy therein, which was occasioned by the death of the contestee, U. A. Guilbeau, who was theretofore returned elected.

He was duly cited and we think properly. In fact, he was a party to a previous appeal in this case—37 Ann. 710, Halphen vs. Guilbeau and Broussard.

Motion overruled.

## ON THE MERITS.

The origin and facts of this case are succinctly and fully stated in our previous opinion in 37 Ann. 710, Oscar Halphen vs. U. A. Guilbeau and T. L. Broussard, which was a suit to have reconstructed and reinstated the lost records therein, which right was recognized.

At the November term, 1884, Fred Gates, Judge of the Twenty-first Judicial District, on the suggestion of counsel for T. L. Broussard, entered an order of recusation and selected and designated Conrad DeBaillon, Judge of the Twenty-fifth Judicial District to try the same; and on the 4th of December, 1884, he was called upon to preside and proceeded with the trial thereof, and certain exceptions were filed. While same were under consideration, the court was adjourned from day to day upon the order of Judge Gates, so as not to interfere.

Thereafter various proceedings were taken in the suit—too numerous and conflicting for particular detail—which culminated in the dismissal of plaintiff's suit, and the said appeal in February, 1885, was the sequel.

Subsequent to the decision of the issues raised in that appeal plaintiff, through counsel, applied for and obtained an order to be signed by C. DeBaillon, Judge of the Twenty-fifth Judicial District "at chambers at Lafayette, La., this 3d of September, A. D. 1885," to the effect that, as nine months had elapsed since said suit was assigned to him for trial,

that same "be and the same is hereby transferred to the Thirteenth Judicial District Court in and for the parish of St. Landry, the judge of which court is competent to try the same."

In State ex rel. Fontelieu vs. Conrad DeBaillon, Judge, etc., 37 Ann. 392, this Court said : "Under Act No. 40 of 1880, which regulates the manner of trying recused cases, the recused judge is stripped of all control over the case, which is *transferred, in its entirety*, to the judge selected to try the same.

"If nine months elapse after recusation without a trial, *the cause must then be transferred to the district court of the nearest parish of an adjoining district*, the judge of which is competent to try the cause.

The order *must emanate from the judge first appointed to try the case, who alone has the legal authority to make the same.*"

In State ex rel Gates vs. Beattie, Judge, 38 Ann. ——, unreported, this Court recently held : "In case of such transfer of the suit, the judge of the court to which the transfer is made, has as full and complete authority and jurisdiction over the same as if it had originated in that jurisdiction."

The order transferring the case in this instance, did not emanate from the judge first appointed to try the case. It is perfectly true that Conrad DeBaillon, Judge of the Twenty-fifth Judicial District, had been called by Judge Gates to go into the Twenty-first Judicial District and try the case. This he did. In so doing, it was by virtue of his authority to exercise the duties and perform the functions of judge *in that court.* While he thus exercised them, the judge of that district was *functus officio* for the time being. This is fully illustrated by the fact that during the time Judge DeBaillon was engaged in the trial of the case, Judge Gates ceased to perform the functions of his office. The order purporting to transfer this cause from the parish of St. Martin, in the Twenty-first Judicial District, to the parish of St. Landry, in the Thirteenth Judicial District, executed by Conrad DeBaillon, Judge of the Twenty-fifth Judicial District, at his chambers, in Lafayette, La., was an absolute nullity, and wholly without any effect in law, and did not operate the transfer of the suit thereto, and the judge of the Thirteenth Judicial District was and is wholly without jurisdiction or authority over said cause, it never having been transferred from the parish of St. Martin, where it was filed.

Judgment affirmed.